**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

**MANNCORP, INC., ET AL.,**

        **Plaintiffs,**

  **v.**

**LED ONE DISTRIBUTION, INC., ET AL.,**

        **Defendants.**

**CIVIL ACTION**

**No. 15-2486**

---

**MEMORANDUM ORDER**

This 7th day of December, 2015, upon consideration of the Request for Entry of Default Against Defendant Jinlei "Penny" Tang filed by Plaintiffs, Manncorp, Inc., Mann Manufacturing Servicing, Inc., and SMT International, Inc. (collectively, "Manncorp"), and the Clerk's corresponding entry of default on June 1, 2015; Plaintiffs' Motion for Default Judgment; Plaintiffs' Supplemental Brief in Support of Their Motion; this Court's September 21, 2015 Rule to Show Cause; and the October 19, 2015 Certification of Gregory L. Kallet, Esquire, Regarding Service; and recognizing that this Court's Rule to Show Cause expired on November 5, 2015 without any response from Defendant Tang, it is **ORDERED** that Plaintiffs' Motion for Default Judgment is **GRANTED** for the reasons that follow.

Rule 55 of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Following the prerequisite entry of default, the decision to enter a default judgment is left to the court's discretion. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir.1984). "[I]n exercising its discretion, the trial court must consider three factors: 1) whether the plaintiff will

1

be prejudiced if the default is lifted; 2) whether the defendant has a meritorious defense; and 3) whether the default was the result of the defendant's culpable misconduct." *Id.* at 1181.

In May 2015, following a telephone hearing with all parties, I concluded that there was cause to enter a Temporary Restraining Order and Preliminary Injunction against Tang.  During the hearing, Defendant Tang appeared by phone and did not raise any type of substantive defense.  She also has not filed any responsive pleadings.  Consequently, the Court is not in a position to determine whether the Defendant has a "meritorious defense."  However, there is no question that Defendant Tang has been given every opportunity to respond.  The Court has been thorough in guaranteeing not only proper service, but also actual notice of all filings.  Plaintiffs and their counsel have diligently made every effort to contact Defendant Tang, both when she resided domestically and after her sudden move to China, requiring international service.  Defendant Tang's decision to flee the country without notifying Plaintiffs or the Court certainly suggests the possibility of misconduct.  Moreover, based on the foregoing, it is clear that Plaintiffs will suffer prejudice if default judgment is not entered.  Thus, I am confident that entry of default judgment is warranted here.

"A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.' " *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (internal citation omitted).  In addition, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."  10 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure*, § 2688 (3d Ed.).

Pursuant to Fed. R. Civ. P. 55(b)(2), Manncorp seeks a permanent injunction, compensatory, punitive, and exemplary damages, and counsel fees and costs against Defendant

Tang.  Plaintiffs' Complaint includes allegations that Tang concealed her simultaneous employment with a competitor, stole proprietary and confidential information, and constructed LED One's website based on Manncorp's confidential and proprietary information.  Having extensively reviewed Plaintiffs' Complaint and the governing law, I conclude that the facts presented give rise to legitimate causes of action.

Manncorp next contends that a hearing is unnecessary because the amount of compensatory damages is ascertainable, as itemized and verified in Plaintiffs' Motion and supporting papers.  In light of the Court's unanswered Rule to Show Cause and the significant efforts undertaken to give Defendant Tang every opportunity to respond, I find that Plaintiffs have provided sufficient proof of damages in the amount of $31,202.75, plus counsel fees and costs, and a hearing is accordingly unnecessary.  A detailed Order follows.

/s/ Gerald Austin McHugh
United States District Court Judge